## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

UNITED STATES OF AMERICA

     v.

ABDIFITAH ABDI aka "Momo"
ASMO DOL
RAKIYA MOHAMED

No. 2:25-cr-00026-NT

### PROTECTIVE ORDER

This matter comes before the Court upon the Government's Motion for Protective Order (ECF No. 16). The Government has requested that the Court issue a protective order regarding the handling of certain materials which the Government intends to make available to the defense in advance of trial. In support of this motion, the Government asserts that such production, absent a protective order, may result in disclosure of federal tax information, personal identifying information of witnesses, and other private information of persons not party to this case.

The Government's motion is GRANTED. It is ordered that:

<u>Definition of Discovery Material</u>. This order shall govern all documents and materials furnished at any time to any party by another party, all information derived from such documents and materials, and all copies, excerpts, or summaries thereof (collectively, "Discovery Material").

1.    <u>Confidentiality of Discovery Material</u>. All Discovery Material shall be treated as confidential during the pendency of this action and shall be referred to as confidential without need for further designation. Discovery Material shall be used by the parties solely for the purposes of this action.

2.      <u>Disclosure of Discovery Material to Authorized Persons</u>. No party shall disclose Discovery Material to any person except as provided in this order. In particular, Discovery Material may be disclosed by the parties only to the authorized persons and only for the authorized purposes listed below. A person who would otherwise be authorized to receive Discovery Material, but to whom Discovery Material was disclosed for an unauthorized purpose, shall *not* be considered an authorized person under this paragraph. "Authorized Persons" are limited to the following:

a.      The parties, counsel for the parties, and their respective employees;

b.      Any person retained by counsel to assist in the preparation, trial, or appeal of this criminal action (or any collateral civil matter arising directly from this criminal action), including experts and investigators. With respect to such persons, (i) Discovery Material shall be disclosed to the person only to the extent necessary to perform the work for which the person was retained; and (ii) the person shall not retain Discovery Material after his or her work related to this criminal action has concluded;

c.      Any person whose testimony was or will be taken in this action. With respect to such persons: (i) Discovery Material shall be disclosed to the person only in preparation for, during, or in review of the person's testimony; and (ii) the person shall not retain Discovery Material after his or her testimony has concluded;

d.      The author(s) and addressee(s) of Discovery Material;

e.      The Court and any persons employed by it working on this matter.

3.    <u>Notice Prior to Disclosure</u>. Before any disclosure to a defendant or other Authorized Person listed above (other than the Court), the disclosing counsel shall inform that person of this order and its effect and provide the person with a copy of the order. The disclosing counsel shall further direct the person not to disclose any Discovery Material and that any unauthorized disclosure may be punished as contempt of court.

4.    <u>Reproduction of Discovery Material</u>. Any copies or reproductions of Discovery Material are considered Discovery Material and shall be treated in the same manner as the original material.

5.    <u>Counsel's Responsibility</u>. A party's counsel shall be responsible (i) for controlling and accounting for all such Discovery Material described above; and (ii) for assuring full compliance with this order by any of his or her employees assisting in this litigation. A party's counsel shall also take all reasonable steps to ensure that any Authorized Person to whom counsel has disclosed Discovery Material complies with this order, including but not necessarily limited to the notice requirements described in Paragraph 3 herein.

6.    Defendant's counsel will inform the defendant of the provisions of the protective order and direct defendant not to disclose or use any information contained in the government's discovery in violation of the protective order.

**SO ORDERED.**

Dated: March 10, 2025                    /s/ Karen Frink Wolf
                                         U.S. Magistrate Judge